

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN BARRON, <br><br> Plaintiff, <br><br> v. <br><br> NORMITA BARRON, MERATIS COSSABOOM, and YAMILETT MACIAS, <br><br> Defendants. | Case No. 25-cv-0720-BAS-SBC <br><br> **ORDER DISMISSING CASE WITHOUT PREJUDICE FOR FAILURE TO SHOW CAUSE** <br><br> **(ECF No. 3)** |

Last month, this Court ordered Plaintiff Ruben Barron ("Barron" or "Plaintiff") to show cause for why this case should not be dismissed for failure to identify a state actor defendant for claims brought under the Constitution, failure to assert standing for a claim under federal criminal law, and failure to serve the defendants. (ECF No. 3.) The Court required Plaintiff to show cause by no later than August 8, 2025, or have the case dismissed. (*Id.*)

The Court received a notice of mail returned as undeliverable on July 25, 2025. (ECF No. 9.) The Clerk of Court amended the address for Plaintiff to appropriately state the missing P.O. Box number as listed in Plaintiff's Complaint and mailed the Order to Show Cause to Plaintiff again on July 29, 2025. The mail was not again returned as undeliverable, and accordingly, the Court assumes Plaintiff received this Order to Show Cause.

- 1 -

25cv0720

1  Plaintiff filed proof of service on two of three defendants (ECF Nos. 4, 6), but otherwise did not respond to this Court's order. Accordingly, the case is **DISMISSED WITHOUT PREJUDICE** for failure to show cause and failure to prosecute.

A district court may dismiss an action for failure to prosecute or to comply with a court order. *See* Fed. R. Civ. P. 41(b); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[C]ourts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances."); CivLR 83.1(a) (providing that failure "to comply with . . . any order of the Court may be grounds for imposition by the Court of . . . sanctions authorized by statute or rule or within the inherent power of the Court, including, without limitation, dismissal of any actions"). Before doing so, a court should weigh: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)). Moreover, "[a]lthough beneficial to the reviewing court, a district court is not required to make specific findings on each of the essential factors." *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994).

The Court previously ordered that, should Plaintiff wish to proceed, he must show cause as to why his claims should not be dismissed for failure to state a claim and for failure to establish standing. (ECF No. 3.)

The Court ordered Plaintiff to show cause as to why Claim 1, brought under the Fifth and Fourteenth Amendments, should not be dismissed for lack of a state actor. (ECF No. 3 at 1–2.) The Court explained that claims brought under these Amendments could not be enforced against private individuals, yet Plaintiff here brings Claim 1 against private individuals. (*See* ECF No. 1; *see also* ECF No. 3 at 2 (citing *Roberts v. AT&T Mobility LLC*, 877 F.3d 833, 837 (9th Cir. 2017) ("A threshold requirement of any constitutional claim is the presence of state action.")).) The Court provided Plaintiff with the opportunity to show cause for why the Court should not dismiss Claim 1 for lacking a state action and

1  thus failing to state a claim, but Plaintiff did not respond by the August 8, 2025, deadline.
2  It is in the public's interest for the expeditious resolution of such claims as these that are
3  not grounded in the law, and likewise it mitigates prejudice to defendants by saving them
4  the time of having to defend against claims improperly raised. The Court gave Plaintiff the
5  opportunity to demonstrate why his Claim 1 should survive, and explicitly warned him the
6  case would be dismissed if he failed to show adequate cause, yet Plaintiff did not respond.
7  (ECF No. 3 at 3.) The *Pagtalunan* factors thus weigh in favor of dismissing Plaintiff's
8  Claim 1 as Plaintiff has failed to state a claim and failed to show cause.

9        The Court also ordered Plaintiff to show cause as to why Plaintiff had standing to
10 bring Claim 2 under a federal criminal law, 18 U.S.C. § 1001, which does not imply a
11 private right of action, meaning it does not permit private citizens to make claims under
12 the statute. (*Id.* at 2 (citing *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979); *Douglas v.*
13 *Kalanta*, No. 23-15104, 2024 WL 1795160, at *3 (9th Cir. Apr. 25, 2024), *cert. denied,*
14 145 S. Ct. 416 (2024)).) Plaintiff did not respond. Again, the *Pagtalunan* factors weigh in
15 favor of dismissing Claim 2 because Plaintiff has failed to assert that he has standing to
16 bring Claim 2 under federal criminal law, despite the Court explicitly requiring him to state
17 his grounds for standing. (*See* ECF No. 3.) Claim 2 shall likewise be dismissed for lack of
18 standing and for failure to show cause.

19       Plaintiff's Complaint contains only the two claims—Claim 1 and Claim 2—and
20 therefore the dismissal of each claim is a dismissal of the action as a whole against all of
21 the defendants. (ECF No. 1.) And yet, the case against Yamilett Macias is dismissed on an
22 additional ground—Plaintiff failed to serve her with the summons and complaint. Rule
23 4(m) of the Federal Rules of Civil Procedure provides that if the defendant is not served
24 within ninety days after the complaint is filed, the court must dismiss the action against a
25 defendant or order that service be made within a specific time. Plaintiff's deadline to serve
26 Macias elapsed on June 25, 2025, and the Court ordered Plaintiff to show cause as to why
27 the case against Macias should not be dismissed for failure to prosecute. (ECF No. 3.)
28 While Plaintiff subsequently served the other two defendants (ECF Nos. 4, 6), Plaintiff has

not served Macias, and therefore the case against Macias is dismissed on the additional ground that Plaintiff has failed to prosecute his case against Macias. *See Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962).

Accordingly, this action is **DISMISSED WITHOUT PREJUDICE**. All pending motions in this case (ECF Nos. 10, 11) are **TERMINATED AS MOOT**. The Clerk of Court's entry of default against Normita Barron and Meratis Cossaboom is **VACATED**. (ECF No. 8.) The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

DATED: August 28, 2025

Hon. Cynthia Bashant, Chief Judge
United States District Court